# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY REDMOND,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 09-cv-606-JPG** |
| ) | |
| **JOHN EVANS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate formerly confined at the Big Muddy Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. At the time Plaintiff submitted this complaint, he was still confined at Big Muddy Correctional Center and, therefore, the provisions of 28 U.S.C. § 1915A apply to his complaint. *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff claims that in June 2009, he was moved from cell 7 to cell 34. Plaintiff states that cell 34 is not properly ventilated and that the heat in the cell "became over 110 degrees." Plaintiff alleges that the excessive heat caused his asthma to become worse leading to an increase in the use of his inhaler and other asthma medications. Plaintiff asked for a fan to help with the heat and to reduce his asthma attacks, but this request was refused. Liberally construing the complaint, it appears that Plaintiff claims that the conditions in cell 34 violated his rights under the Eighth Amendment.

In addition to his claims concerning the medical problems caused by being confined in a hot cell, Plaintiff alleges that he has been denied grievance forms; that his release date was improperly calculated; that the conditions to be imposed upon him by parole violate an order from a state court

judge; that legal mail has been improperly handled; and that his crutches were taken from him forcing him to hobble to various activities (e.g., shower, etc.).

## DISCUSSION

Before proceeding to an analysis of Plaintiff's claims under 28 U.S.C § 1915A the Court notes that the instant complaint appears to be the type of multi-defendant, multi-claim action to which the principles enunciated by the Seventh Circuit in *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007), apply. Specifically, *George* directs a district court to "evaluate each claim for the purpose of § 1915(g)." *Id.* at 607. Any claims dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, results in a "strike" being assessed against Plaintiff. *Id.* at 607-08. Any remaining claims must still be examined to see whether the complaint complies with Rule 20 of the Federal Rules of Civil Procedure. *Id.* at 607.

### A. Conditions in cell 34.

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime *.Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes,* 452 U.S. at 346 ; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective

3

and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *See also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id.* The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to

4

suffer the harm. *Jackson*, 955 F.2d at 22. It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986). Based on the allegations of the complaint, Plaintiff's conditions of confinement claims against Defendants Evans, Hiloaoid, Peyton, Dr. John Doe, Isaacs, and Nancey survive threshold review and should not be dismissed at this time.

### B. Grievance forms.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Consequently, Plaintiff's allegation that Defendant Eubanks failed to provide him with grievance forms fails to state a claim upon which relief may be granted and must be dismissed.

### C. Release date.

Plaintiff's claim that his release date has been improperly calculated must be dismissed. A ruling in Plaintiff's favor on this claim would necessarily lead to an earlier release. A petition for a writ habeas corpus is the sole federal remedy for challenging the fact or duration of an inmate's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Plaintiff cannot recover damages for the alleged miscalculation of his release date unless and until his release date is called into question over overturned in an appropriate proceeding. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).

### D. Conditions of release.

Plaintiff claims that a proposed plan to put him on an electronic monitoring device when he is released on parole violates a state judge's order. Plaintiff further objects to a proposed

5

requirement that he attend outpatient mental health counseling because he had been told he does not need such counseling. Assuming for the sake of argument that these conditions violate an order entered by a state court judge, the failure to abide by such an order does not rise to the level of a constitutional violation. *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) (the federal government is not the enforcer of state law). Therefore, this claim should be dismissed pursuant to 28 U.S.C. § 1915A.

### E. Legal mail.

Plaintiff's allegations in paragraph 9 of the complaint are bit unclear. As best the Court can determine, it appears that Plaintiff has attempted to mail several letters marked as "privileged" out of prison to Joseph S. Natale and to the law firm of Sonnenschein, Nath & Rosenthal (the "Sonnenschein law firm"). The letter addressed to Mr. Natale was returned to Plaintiff by prison staff because prison officials determined that Mr. Natale was not a registered attorney. The letter to Sonnenschein law firm was returned to Plaintiff by prison staff because the envelope was not addressed to a specific attorney at the firm.

Interference with a prisoner's outgoing legal mail implicates the prisoner's rights to access the courts and to free flow of mail protected by the First Amendment. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). An inmate, however, has no access to the courts claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Because there is no indication that Plaintiff has suffered actual prejudice to a non-frivolous claim, the allegations of the complaint fail to state an access to the courts claim.

Lacking an access to the courts or other constitutional claim, "legal mail" and "regular mail" are no different with regard to a First Amendment "free flow of mail" claim. In other words, "legal

mail" is not a talisman that prisoners can invoke simply to imbue outgoing mail with special status. If there is no other constitutional right implicated (e.g., access to the courts), a letter is just a letter regardless of being designated as "legal mail" or not.  The federal courts have held that "merely alleging an isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). I n this case, Plaintiff has alleged facts indicating only a temporary isolated problem with his outgoing mail.  Therefore, Plaintiff's complaint fails to state a "free flow of mail" claim.

**F. Crutches claim.**

Plaintiff's claim that Defendant Childers deprived him of his crutches in violation of the Eighth Amendment.  While the Court believes this claim is not frivolous, nevertheless this claim is wholly unrelated to Plaintiff's other medical claim.  This claim does not appear to arise from the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's asthma claim. The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  On review of the complaint, the claims against Defendant Childers are not sufficiently related to the claims against Defendants Evans, Hiloaid, Peyton, Dr. John Doe,  Isaacs, and Nancey so as to allow them to proceed together in one lawsuit.

Plaintiff is **ADVISED** that the Court is inclined to sever his crutches claim against Defendant Childers from the other claims in this action..  If this claim is severed,it would be removed from this case and opened in a new case.  A new case number would be assigned and a second filing fee would be assessed.

Because the imposition of a second filing fee may impose a financial burden on him, Plaintiff

is **FURTHER ADVISED** that he may avoid severance (and the imposition of a second filing fee) by filing a motion to voluntarily dismiss his claim against Defendant Childers without prejudice within thirty (30) days of the date of this order. Before filing that motion, plaintiff shall consider whether he could re-file the dismissed claims without running afoul of the applicable 2-year statute of limitations.

### G. Motion for appointment of counsel.

Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's claims concerning grievance forms, release date, conditions of release, and legal mail are **DISMISSED** pursuant to 28 U.S.C. § 1915A. Dismissal of these claims count as a "strike" for purposes of 28 U.S.C. § 1915(g). Because there are no claims currently pending against them Defendants Eubanks, Towers, John/Jane Doe, and Jane Doe are **DISMISSED** as Defendants in this action

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form

for defendants **Evans, Hiloaid, Peyton, Dr. John Doe, Isaacs, and Nancey** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **6** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Evans, Hiloaoid, Peyton, Dr. John Doe, Isaacs and Nancey**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Evans, Hiloaoid, Peyton, Dr. John Doe, Isaacs and Nancey** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Dr. John Doe until such time as Plaintiff has identified him by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the

Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not

been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED**.

**Dated: March 11, 2010.**

                                                  s/ J. Phil Gilbert
                                                  **U. S. District Judge**